**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KEVIN DALE, FRANK HOVAR, JAMIE LAWSON, MICHAEL LEOPARDO, BRAD LONG, FORTUNATO SALAMONE, JOEL SJOSTROM, GLEN TURPOFF, CHRIS WOOD, AND JOSE ZAMARRIPA, as members of the Board of Trustees of the NORTHERN ILLINOIS ANNUITY FUND AND PLAN, on behalf of the Participants of the Northern Illinois Annuity Fund and Plan,

Plaintiffs,

vs.

NFP CORP., et al,

Defendants.

Case No. 1:20-cv-2942

Honorable John F. Kness

Magistrate Judge Jeffrey T. Gilbert

**AGREED MOTION TO STAY DISCOVERY AND FOR OTHER RELIEF**

Pursuant to the Federal Rules of Civil Procedure 26(c)(B) and 15(a)(2), Plaintiff and Defendants hereby jointly move the Court to enter an order that: Plaintiff shall file an Amended Complaint on or before December 20, 2021; Defendants shall file an Answer or otherwise plead on or before January 21, 2022; any and all further discovery is stayed until Defendants have filed their Answer and/or other responsive pleading to such Amended Complaint and Defendants' responsive pleading, if any, is ruled upon by the Court; and Defendants' pending motions are rendered moot b the filing of the Amended Complaint (the "Agreed Motion").

In support of the Agreed Motion, Plaintiff and Defendants (collectively, the "Parties") state as follows:

1. Plaintiff filed its Complaint on May 18, 2020. (Doc. # 1).

2. In response to the Complaint, on July 17, 2020, Defendants filed a partial Motion to Dismiss, seeking an order dismissing defendants NFP Corp. and Kestra Financial, Inc. from the action, and a Motion for More Definite Statement. (Doc. # 2).

3. Written fact discovery between the Parties is nearly complete. Magistrate Judge Gilbert has ordered the Parties to meet and confer about any remaining discovery disputes and, by November 15, 2021, file an updated status report concerning any remaining discovery issues with bullet point descriptions of those disputes, for Judge Gilbert's resolution thereafter, if necessary. (*See* Doc. # 70.)

4. The Parties seek an order that, pursuant to Fed. R. Civ. P. 15(a)(2), with Defendants' written consent, Plaintiff shall file an Amended Complaint on or before December 10, 2021, and Defendants shall answer or otherwise plead on or before January 21, 2022.

5. The Parties seek a further order that the filing of the Amended Complaint shall render moot Defendants' pending partial Motion to Dismiss and Motion for More Definite Statement, since those motions were directed to the original Complaint and the Amended Complaint will supersede the original Complaint.

6. Pursuant to Fed. R. Civ. P. 26(c)(B), the Parties seek an order staying further discovery until Defendants have filed their Answer and/or other responsive pleading to the Amended Complaint and, the responsive pleading, if any, is ruled upon by the Court.

7. "In deciding whether to enter such a stay, courts consider the following factors: '(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court.'" *Hudson Specialty Ins. Co. v. Joseph*, No. 19-CV-6293, 2020 WL 3050251, at *2 (N.D. Ill. June 8, 2020) (*quoting Pfizer Inc. v.*

*Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009)). While good cause is required, "stays are granted with some frequency." *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008).

8. Here, good cause exists to enter a stay of further discovery. The Parties bring this Agreed Motion jointly and agree that a stay is in the best interest of all parties and will not result in undue prejudice or a tactical disadvantage to any party. A stay will preserve the Court's and the Parties' resources during the period in which issue are joined and the initial pleadings completed, and the identity of the parties and issues in question are further clarified. A stay of further discovery under these circumstances will increase economic efficiencies for the Court and the Parties.

WHEREFORE, the Parties respectfully request this Court enter an order as follows:

1. Plaintiff shall file an Amended Complaint on or before December 10, 2021, and Defendants shall answer or otherwise plead in response thereto on or before January 21, 2022;
2. Defendants' pending partial Motion to Dismiss and Motion for More Definite Statement shall be rendered moot by the filing of the Amended Complaint; and
3. Any and all further discovery is stayed until Defendants have filed their Answer and/or other responsive pleading to the Amended Complaint and, such responsive pleading, if any, is ruled upon by the Court.

Respectfully submitted this 8th day of November, 2021.

*s/ Karen L. Tidwall*

Karen L. Tidwall (IL Bar No. 6216945)
Joshua B. Levy (WI Bar No. 1017759)
HUSCH BLACKWELL LLP
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Ph. (414) 978-5411
Fx. (414) 223-5000

karen.tidwall@huschblackwell.com
joshua.levy@huschblackwell.com

***Attorneys for Plaintiff***

*s/ Melissa A. Bozeman*

Melissa A. Bozeman (*Pro Hac Vice*)
KUTAK ROCK LLP
1760 Market Street, Suite 1100
Philadelphia, PA 19103
Ph. (215) 299-4384
Fx. (215) 981-0719
Melissa.Bozeman@KutakRock.com

Oliver Griffin (*Pro Hac Vice*)
KUTAK ROCK LLP
1801 California Street, Suite 3000
Denver, CO 80202
Ph. (303) 297-2400
Fx. (303) 292-7799
Oliver.Griffin@KutakRock.com

John J. Westerhaus (*Pro Hac Vice*)
KUTAK ROCK LLP
1650 Farnam Street
Omaha, NE 68102
Ph. (402) 231-8830
Fx. (402) 346-1148
John.Westerhaus@KutakRock.com

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2021, I filed the foregoing with the United States District Court for the Northern District of Illinois using the e-filing system, which will send notice to all counsel and parties of record.

/s/ Karen L. Tidwall
Karen L. Tidwall